FILED
APR 24 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARIQ BELT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09 0758 |
| | ) |
| ROBERT S. MUELLER, III, | ) |
| Director, Federal Bureau of Investigation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff alleges that Bureau of Prisons officials are to implement a program which "require[s] [that he] give a correspondence list which allows some third party to bar at their discretion [his] mailing general correspondence or special or legal correspondence at [his] pleasure when and if necessary." *See* Emergency Application for Preliminary Injunction to Maintain the Status Quo & Bar Prejudicing the Claim(s) ¶ 5. He contends that mail bound for this Court "will be barred from going out from the jail," *id.* ¶ 7, and that, "without a Preliminary Injunction, [his] claims(s) and rights will be irreperably [sic] prejudiced . . . before [he] can be heard[.]" *Id.*. ¶ 4.

Injunctive relief is an extraordinary remedy, and plaintiff bears a substantial burden to obtain it. *See Herrera v. Riley*, 886 F. Supp. 45 (D.D.C. 1995). To prevail on a request for a preliminary injunction, plaintiff must "demonstrate (1) a substantial likelihood of success on the merits, (2) that [he] would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the

5

public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687 (D.C. Cir. 2001) (quoting *City-Fed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see also Serono Laboratories, Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). Plaintiff does not address these factors at all.

Given this early stage of the proceedings, without a submission from defendants, it is difficult for the Court to evaluate the likelihood of plaintiff's success on the merits of his claims. It is unclear whether or how the new mail program would interfere with legal proceedings in this Court or that, absent an injunction, plaintiff faces an imminent or irreparable injury. Accordingly, the Court will deny plaintiff's motion for injunctive relief.

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: April 27, 2009